UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN JACOB, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>  Defendant. | Case No. 25-cv-07161-LJC<br><br>**ORDER TO SUPPLEMENT APPLICATION TO PROCEED IN FORMA PAUPERIS AND FILE APPLICATION TO APPOINT GUARDIAN AD LITEM**<br><br>Re: Dkt. No. 2 |

Plaintiffs Dr. Karen Jacob, M.J., and E.J. have sued the United States under the Federal Tort Claims Act and 42 U.S.C. Section 1983. ECF No. 1 (Compl.). Plaintiffs allege that Custom and Border Patrol officers violated Plaintiffs' constitutional rights and engaged in tortious conduct when Plaintiffs arrived at San Francisco International Airport to seek asylum. *Id.* at 3-6. Presently before the Court is Dr. Jacob's application to proceed *in forma pauperis* (IFP). ECF No. 2.

**I.    IFP APPLICATION**

Plaintiff Dr. Karen Jacob, pro se, has applied to proceed IFP. *Id*. Were Dr. Jacob the sole plaintiff in this action, the Court would find that she has shown sufficient cause to proceed IFP. However, in cases with multiple plaintiffs, district courts require *all* plaintiffs in a case to qualify to proceed IFP before the filing fee will be waived. "[I]f multiple plaintiffs seek to proceed in forma pauperis, each plaintiff must qualify for IFP status." *Laine v. Superior Ct. of Alameda Cty. Hayward Hall of Just.*, No. 18-cv-04390, 2018 WL 9669915, at *2 (N.D. Cal. July 20, 2018) (citation omitted); *see also, e.g.*, *Evans v. United States*, No. 21-01695, 2022 WL 21837717, at *1 (C.D. Cal. June 28, 2022). "Where leave to proceed *in forma pauperis* is sought to vindicate the

1  alleged substantive rights of a minor, the financial resources of both the minor and the volunteer
2  parent, next friend, or guardian *ad litem* should be considered in determining ability to pay the
3  costs of litigation." *Cottingham for Washington v. Bd. of Educ. of Emery Unified Sch. Dist.*, No.
4  C-93-0824, 1993 WL 79698, at *1 (N.D. Cal. Mar. 15, 1993) (quoting *Williams v. Spencer*, 455 F.
5  Supp. 205, 209 (D. Md. 1978)).

6       Dr. Jacob's two minor children, M.J. and E.J., are also plaintiffs in this case. The IFP
7  application at ECF No. 2. discloses only the financial resources of Dr. Jacob. Although the details
8  in Dr. Jacob's application and in the Complaint suggest that M.J. and E.J. will also qualify to
9  proceed IFP, out of an abundance of caution, the Court ORDERS M.J. and E.J. to file separate IFP
10 applications listing their financial resources by September 23, 2025. *Chavez v. Loma Linda Med.*
11 *Ctr.*, No. 22-cv-01268, 2022 WL 19827571, at *2 (C.D. Cal. Aug. 1, 2022). Failure to do so may
12 result in the Court denying the pending IFP application.

## II. PROCEDURAL REQUIREMENTS FOR MINOR PLAINTIFFS

14      There are unique procedural requirements when a lawsuit is brought by a minor child.
15 First, Federal Rule of Civil Procedure 5.2 requires that, absent a court order to the contrary, a
16 minor named in a lawsuit may only be identified by their initials. The Complaint incorrectly uses
17 the minor Plaintiffs' full names. For all future filings, the minor Plaintiffs must be identified only
18 by their initials.

19      Second, although minors may bring lawsuits, they must have a guardian ad litem to
20 conduct the proceedings. "A minor or an incompetent person who does not have a duly appointed
21 representative may sue by a next friend or by a guardian ad litem. The court must appoint a
22 guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person
23 who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2)*; see J. M. v. Liberty Union High Sch.*
24 *Dist.*, No. 16-cv-05225, 2016 WL 4942999, at *1 (N.D. Cal. Sept. 16, 2016) ("A minor may bring
25 suit as long as a guardian conducts the proceedings and the court may appoint a guardian ad litem
26 to protect the minor's interests in the litigation."). Although "a parent is not entitled to be the next
27 friend of his or her child as a matter of absolute right[,]" it is "common practice to appoint a parent
28 to act as next friend for a child" when there is no conflict between the parent and child. *Anthem*

2

*Life Ins. Co. v. Olguin*, No. 6-cv-01165, 2007 WL 1390672, at *2 (E.D. Cal. May 9, 2007). "Generally, when a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child there is no inherent conflict of interest." *J.M.*, 2016 WL 4942999, at *2 (quoting *Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001)).

Plaintiffs have not yet filed petitions to appoint a guardian ad litem for M.J. and E.J. By September 23, 2025, Plaintiffs must file petitions to appoint Dr. Jacob—or another adult they believe suitable—to serve as the minors' guardian ad litem. Failure to do so by this date may result in the undersigned recommending the dismissal of M.J. and E.J. without prejudice from this action.

### III.   CONCLUSION

By September 23, 2025, Plaintiffs M.J. and E.J. shall file applications to proceed IFP verifying their financial resources. By the same date, Plaintiffs shall file petitions to appoint a guardian ad litem for M.J. and E.J. Failure to take these steps may result in denial of the pending application to proceed IFP and/or dismissal of M.J. and E.J. from this lawsuit.

**IT IS SO ORDERED.**

Dated: September 2, 2025

LISA J. CISNEROS
United States Magistrate Judge

3