UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KAREN JACOB, et al.,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant.

Case No. 25-cv-07161-LJC

**ORDER GRANTING IFP APPLICATIONS AND ORDERING SERVICE; GRANTING PETITIONS TO APPOINT GUARDIAN AD LITEM; DENYING REQUEST TO PROCEED ANONYMOUSLY**

Re: Dkt. Nos. 2, 5-9, 14

### I.    IFP Application

The plaintiffs in this case are Karen Jacob and her two minor children, M.J. and E.J.[1] Plaintiff Karen Jacob filed an application to proceed *in forma pauperis* (IFP), and the Court ordered Plaintiffs M.J. and E.J. to file their own IFP applications in order to assess whether all plaintiffs would qualify to proceed IFP. ECF Nos. 2, 4 at 1-2. M.J. and E.J. have now filed their IFP applications. ECF Nos. 5, 6. Sufficient cause having been shown, Plaintiffs' applications to proceed IFP are GRANTED.

At least some of Plaintiffs' claims do not appear at this time to be subject to dismissal under 28 U.S.C. § 1915(e)(2). Any defect in Plaintiffs' Complaint would be better addressed on adversarial briefing, and this Order is without prejudice to any argument Defendant might raise after it is served and appears. The Clerk is therefore instructed to issue the summons, and either the U.S. Marshal or the Clerk is instructed to serve Defendant with the summons and the Complaint.

---

[1] Because M.J. and E.J. are minors, they are identified only by their initials. *See* Fed. R. Civ. P. 5.2(a).

1	The initial Case Management Conference, currently set for November 20, 2025, is continued to December 18, 2025, at 10:30 a.m.

### II. Guardian Ad Litem Petitions

Plaintiffs have also filed petitions to have Karen Jacob appointed as a guardian ad litem for M.J. and E.J. ECF Nos. 7, 8. "When there is no conflict of interest, the guardian *ad litem* appointment is usually made on *ex parte* application and involves minimal exercise of discretion by the trial court." *Kulya v. City & Cnty. of San Francisco*, No. C 06-06539JSW, 2007 WL 760776, at *1 (N.D. Cal. Mar. 9, 2007) (citing *In re Marriage of Caballero*, 27 Cal. App. 4th 1139, 1149 (1994)). "Generally, when a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child there is no inherent conflict of interest." *J. M. v. Liberty Union High Sch. Dist.*, No. 16-cv-05225, 2016 WL 4942999, at *2 (N.D. Cal. Sept. 16, 2016) (quotations omitted). Ms. Jacob declares that she is M.J. and E.J.'s mother, that both are minors and parties to this action, and that she is not aware of any actual or potential conflicts of interest between her and her children. *See* ECF Nos. 7, 8. This is sufficient to establish that Ms. Jacob would be a suitable guardian ad litem for her children. The Court accordingly GRANTS the petitions at ECF Nos. 7 and 8 and appoints Karen Jacob as the guardian ad litem for M.J. and E.J.

### III. Request to Proceed Anonymously

Plaintiff Karen Jacob filed a request that she be permitted to proceed anonymously, explaining that her family's "situation is such that an open public disclosure could cause greater suffering, stress, anxiety" and that they "suffered from … ongoing persecution" in their home country, which compelled them to seek asylum. ECF No. 9. "The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010). However, a "party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). Allowing a plaintiff to proceed pseudonymously is appropriate:

> (1) when identification creates a risk of retaliatory physical or mental

> harm (2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution.

*Id.* (citations omitted). When a party requests to proceed pseudonymously due to threats of retaliation, courts evaluate: "(1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation." *Id.* (citations omitted). "District courts have broad discretion to determine whether a plaintiff may proceed anonymously." *M.J.R. v. United States*, No. 23-cv-05821, 2023 WL 7563746, at *1 (N.D. Cal. Nov. 14, 2023) (citing *Advanced Textile*, 214 F.3d at 1068).

The Court is unable to assess whether granting Ms. Jacob's request to proceed anonymously is appropriate based on Ms. Jacob's conclusory statement that proceeding using her full name would cause her family "greater suffering, stress, and anxiety." ECF No. 9. Ms. Jacob's request is accordingly denied without prejudice.

Should Ms. Jacob wish to file a renewed motion to proceed pseudonymously, she must include sufficient facts to show that proceeding using her full name would create a reasonable risk of "retaliatory physical or mental harm," or that proceeding anonymously "is necessary to preserve privacy in a matter of sensitive and highly personal nature." *Advanced Textile*, 214 F.3d at 1068. If Ms. Jacob wishes to file her renewed request under seal, she must follow the procedures set forth in Civil Local Rule 79-5.

**IT IS SO ORDERED.**

Dated: November 10, 2025

LISA J. CISNEROS
United States Magistrate Judge

3