UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

K. J., et al.,

        Plaintiffs,

    v.

UNITED STATES OF AMERICA,

        Defendant.

Case No. 25-cv-07161-LJC

**ORDER GRANTING MOTION TO DISMISS**

Re: Dkt. No. 25

Before the Court is Defendant United States of America's (Defendant's) Motion to Dismiss the Complaint filed by Plaintiffs K.J., M.J., and E.J. (Plaintiffs). ECF No. 25. The matter is fully briefed and suitable for decision without oral argument. *See* ECF Nos. 27-28; Civil L.R. 7-1(b). Having considered the record in the case, the parties' arguments, and the relevant legal authorities, Defendant's Motion is GRANTED. Plaintiffs' 28 U.S.C. § 1983 claim and claim that Defendant violated 28 U.S.C § 2680(h) are dismissed with prejudice. Plaintiffs' Federal Tort Claims Act claims are dismissed without prejudice. Plaintiffs may file an amended complaint no later than May 1, 2026.

## I.    BACKGROUND

### A.    Factual History[1]

Plaintiff K.J. and her two minor children, M.J. and E.J., flew into San Francisco International Airport (SFO) on September 18, 2024 and claimed asylum at the airport. ECF No. 1 (Compl.) at 3. They were detained and questioned by Customs and Border Patrol (CBP) officers

---

[1] As factual allegations are taken as true at the motion to dismiss stage, this section summarizes Plaintiffs' allegations as if true. Nothing in this Order should be construed as resolving any issue of fact that might be disputed at a later stage of the case.

United States District Court
Northern District of California

United States District Court
Northern District of California

at SFO. *Id.* During the interrogation, CBP Officer Vu Long mocked Plaintiffs, complained that they were making him work late, and threatened K.J. that she would be "taken to jail for 5 years without seeing her children." *Id*. at 4. He took Plaintiffs' DNA without permission, "coerced" K.J. "into signing on a digital machine numerous signatures without enabling her to see what she was signing," and, along with other officers, "defaced" Plaintiffs' passports. *Id*. Despite knowing that Plaintiffs were homeless, Officer Long listed the address of a hotel with no vacancies on Plaintiffs' release documents. *Id*. Before being released from CBP custody, Plaintiffs were served with Notices to Appear (NTA) directing them to appear in immigration court days later. The NTAs listed two different appointment dates. Plaintiffs were released at approximately 1:00 am on September 19, 2024. *Id*. (They had arrived at SFO at 2:00 pm the previous day.)

After being released from SFO, Plaintiffs "slept at the airport, on the dirty bay area and Tenderloin streets" and stayed intermittently in motels. *Id*. at 5. Plaintiffs suffered physically and mentally. *See id*.

Plaintiffs arrived at immigration court for the first of their appointments. *Id*. They were informed that there was no hearing because CBP had "failed to prosecute" the cases against them. *Id*. The immigration judge gave Plaintiffs a "Failure to Prosecute" letter, which she instructed Plaintiffs to deliver to the Department of Homeland Security. ECF No. 1-1 at 4. Plaintiffs did so, and M.J. and E.J. received one year parole. K.J. filed an asylum application. *Id.*

### B. Procedural History

#### 1. Plaintiffs' Claims

Plaintiffs proceeded to sue Defendant, arguing that their rights were violated during and after their stop at SFO. *See* Compl. They bring three claims. First, they assert that Defendant violated 28 U.S.C. § 2680(h), which is an exception to the Federal Tort Claims Act (FTCA). *Id.* at 6-7. Second, they assert a claim under the FTCA proper, asserting that Defendant's conduct constituted "negligent investigation, abuse of process, conversion of personal property, denial of right to legal counsel, infliction of emotional distress and interference with a prospective economic opportunity while acting within the scope of their offices and employment." *Id.* at 7. Third, Plaintiffs bring a claim pursuant to 42 U.S.C. § 1983, contending that Defendant's conduct

violated Plaintiffs' rights under the Fourteenth and Fourth Amendments. *Id.* at 7-8. Plaintiffs seek damages for "[p]sychological and physical imparities, and deprivation of basic human rights." *Id.* at 8. They ask the Court "not to allow those who are economically strong and in a position of power to abuse the weak who do not have the means to sue or fight for their basic human rights," and request awards of $7,000,000 each. *Id.* at 9.

Plaintiffs are proceeding pro se and in forma pauperis. *See* Compl., ECF No. 15. M.J. and E.J. filed applications to have K.J. appointed as their guardian ad litem, which the Court granted. ECF No. 15.

### 2.    Defendant's Motion to Dismiss and Responsive Briefing

Defendant moved to dismiss Plaintiffs' Complaint, alleging that the Court lacks jurisdiction to hear Plaintiffs' § 1983 claim and stand-alone constitutional claims (to the extend Plaintiffs are asserting any such claims), and that Plaintiffs failed to allege facts sufficient to plausibly support their FTCA claims. *See* ECF No. 25 at 11-17. Defendant also argue that Plaintiffs' claim under 28 U.S.C. § 2680(h) fails as this is an exception to the FTCA's waiver of sovereign immunity and not claim in its own right. *Id.* at 17-18.

In their Opposition to the Motion to Dismiss, Plaintiffs concede that they "bring only state-law tort claims under the FTCA" and do not "assert constitutional causes of action or seek damages for constitutional violations." ECF No. 27 at 1. They state that they "do not rely on 42 U.S.C. § 1983 or the Fourteenth Amendment and do not oppose dismissal of those theories to the extent they were mistakenly pleaded. Plaintiffs proceed exclusively under the FTCA." *Id.* at 3. Plaintiffs argue that they alleged sufficient facts to plausibly support their FTCA claims and that dismissal of these claims is improper. *Id.* at 3-8

## II.    PLAINTIFFS' § 1983 AND STAND-ALONE CONSTITUTIONAL CLAIMS ARE DISMISSED

As described above, Plaintiffs "do not oppose dismissal" of their § 1983 claims, clarifying that they do not assert constitutional claims and wish to "proceed exclusively under the FTCA." *Id.* at 1, 3. The Court thus deems Plaintiffs' § 1983 claim, asserting violations of Plaintiffs' Fourth and Fourteenth Amendment rights, withdrawn. This claim is accordingly dismissed with

United States District Court
Northern District of California

prejudice.[2] *See Quisenberry v. Compass Vision, Inc.*, 618 F. Supp. 2d 1223, 1227 (S.D. Cal. 2007).

## III.    RULE 12(B)(6) LEGAL STANDARD

Defendant moves to dismiss Plaintiffs' FTCA claims under Federal Rule of Civil Procedure 12(b)(6), which authorizes dismissal when a complaint fails "to state a claim upon which relief can be granted." A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* For purposes of a 12(b)(6) motion, courts accept all well-pleaded facts as true and construe the complaint in favor of the non-moving party. *See Twombly*, 550 U.S. at 555-57. However, courts do not need to accept conclusory allegations as true. *See id.* Thus, to determine if a complaint survives a 12(b)(6) motion to dismiss, courts apply a two-part test:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). A court's review under Rule 12(b)(6) is generally limited to the contents of a complaint, materials incorporated by reference in a complaint, and materials subject to judicial notice. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).

Where a plaintiff is proceeding pro se, as Plaintiffs are here, pleadings must be construed

---

[2] Defendant's Motion to Dismiss argues that "[t]o the extent the Court interprets Plaintiffs' third cause of action to assert stand-alone Fourth and Fourteenth Amendment constitutional violations," instead of or in addition to Plaintiffs' § 1983 claim, "Plaintiff's claims still should be dismissed for lack of subject matter jurisdiction." ECF No. 25 at 11. Plaintiffs' third cause of action is brought pursuant to § 1983, and the Court does not interpret it as raising stand-alone constitutional claims. *See* Comp. at 7-8.

United States District Court
Northern District of California

United States District Court
Northern District of California

liberally and leave to amend must be given unless the pleading deficiency cannot be cured. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## IV.    ANALYSIS

### A.    Sufficiency of FTCA Claims

Plaintiffs bring two claims under the FTCA. *See* Compl. at 7-9. Their first claim asserts that Defendant's alleged wrongful conduct violated 28 U.S.C. § 2680(h), which provides an exemption for liability for certain torts under the FTCA. *Id.* Their second claim asserts that Defendant committed the following torts: "negligent investigation, abuse of process, conversion of personal property, denial of right to legal counsel, infliction of emotional distress and interference with a prospective economic opportunity." *Id*. at 7. Defendant argues that the first claim fails because "Section 2680(h) is merely a list of exceptions to the FTCA's limited waiver of sovereign immunity" and "does not provide plaintiffs with any substantive rights" or an independent cause of action. ECF No. 25 at 18-19. It argues that Plaintiffs' second FTCA claim fails because "the Complaint still fails to allege sufficient facts to support each element of each claim." *Id.* at 15. As explained below, the Court agrees with Defendant as to both claims.

### 1.    28 U.S.C. § 2680(h)

The United States "can be sued only to the extent that it has waived its immunity" from suit. *United States v. Orleans,* 425 U.S. 807, 814 (1976). The FTCA, at 28 U.S.C. § 1346(b), waives "the federal government's sovereign immunity for certain torts committed by federal employees acting within the scope of their employment." *Martin v. United States*, 605 U.S. 395, 400 (2025) (internal quotations omitted). "But the statute's waiver is subject to 13 exceptions that claw back the government's immunity in certain circumstances," which are listed at 28 U.S.C. § 2680. *Id.* One such exception is for certain intentional torts: § 2680(h) provides that the United States is immune from suits arising out "assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." However, this exception includes a carve-out (the "law enforcement proviso") waiving the United States' immunity for assault, battery, false imprisonment, false

arrest, abuse of process, or malicious prosecution claims committed by investigative or law enforcement officers. 28 U.S.C. § 2680(h). "So if a plaintiff alleges that a federal law enforcement officer committed one or more of those six torts, the proviso will ensure those claims survive an encounter with the intentional-tort exception." *Martin*, 605 U.S. at 401.

Plaintiffs claim that Defendant violated § 2680(h). But, as explained above, § 2680(h) just establishes that the federal government cannot be sued for certain types of intentional torts (subject to the law enforcement proviso). § 2680(h) does not create substantive rights or create a cause of action. *See* 28 U.S.C. § 2680; *Stevens v. Nkwo-Okere,* No. C13-01974, 2013 WL 4565189, at *1 n.1 (N.D. Cal. Aug. 27, 2013) (explaining that 28 U.S.C. § 2680(h) does not provide a basis for a claim). Plaintiffs are free to argue the applicability of the intentional tort exception or law enforcement proviso, but cannot assert a "violation" of § 2680(h) as an independent cause of action. Plaintiffs' first FTCA claim is accordingly dismissed.

### 2.    Plaintiffs' Tort Claims

Defendant argues that Plaintiffs' tort claims brought under the FTCA must be dismissed as Plaintiffs have not alleged sufficient facts to state their claims.[3] ECF No. 25 at 15. Plaintiffs assert that Defendant committed "negligent investigation, abuse of process, conversion of personal property, denial of right to legal counsel, infliction of emotional distress and interference with a prospective economic opportunity." Compl. at 7. As "[t]he FTCA specifies that the liability of the United States is to be determined 'in accordance with the law of the place where the [allegedly tortious] act or omission occurred,'" the Court evaluates Plaintiffs' claims under California tort law. *Rhoden v. United States*, 55 F.3d 428, 430 (9th Cir. 1995) (per curiam) (quoting 28 U.S.C. § 1346(b)). The sufficiency of Plaintiffs' claims is addressed in turn.

---

[3] Defendant also argues that Plaintiffs' FTCA claim is improper as one cause of action asserts that Defendant committed six different torts. ECF No. 25 at 15. Defendant contends that each tort "should have been pleaded as a separate cause of action." *Id.* Defendant is not wrong, but given Plaintiffs' pro se status, Plaintiffs' inartful drafting is not outcome-determinative. *See* Fed. R. Civ. P. 10(b); *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988) (affirming principle that pro se pleadings must be liberally construed). The Court construes the Complaint as asserting claims under the FTCA for the six separate torts.

United States District Court
Northern District of California

United States District Court
Northern District of California

### a.      Negligent Investigation

Plaintiffs assert a claim under the FTCA for "negligent investigation."  Compl. at 7.  California courts appear to recognize that plaintiffs may sue for negligently conducted criminal investigations, although public employees are typically immune from liability.  *See Davidson v. City of Westminster,* 32 Cal. 3d 197, 201 (1982); *M.B. v. City of San Diego*, 233 Cal. App. 3d 699, 703 (1991).  The Complaint does not identify what "investigation" Plaintiffs take issue with or what duty was breached, making it impossible for Defendant—and the Court—to understand the nature of Plaintiffs' claim.  This claim is accordingly dismissed.

In their Opposition, Plaintiffs attempt to refashion their negligent investigation claim into one for general negligence, arguing that the CBP officers owed Plaintiffs a duty to act reasonably and avoid coercive conduct, the officers breached this duty, and that Plaintiffs were harmed by this breach.  ECF No. 27 at 3-4.  The Complaint itself did not include any allegations regarding the officer's duties to Plaintiffs or breaches thereof.  *See* Compl.  As Defendant notes, an opposition brief is not the proper place to add in new factual allegations or assert new claims.  *See Harrison v. Robinson Rancheria Band of Pomo Indians Bus. Council*, No. 13-cv-01413, 2013 WL 5442987, at *4 (N.D. Cal. Sept. 30, 2013).  Instead, Plaintiffs may bring a claim for negligence and allege facts supporting such a claim in their amended complaint, should they choose to file one.

### b.      Abuse of Process

"The common law tort of abuse of process arises when one uses the court's process for a purpose other than that for which the process was designed."  *Rusheen v. Cohen*, 37 Cal. 4th 1048, 1056.  "Process" is "interpreted broadly to encompass the entire range of 'procedures' incident to litigation."  *Barquis v. Merchants Collection Assn.*, 7 Cal. 3d 94, 104 n.4 (1972) (explaining that the tort of abuse of process "evolved as a 'catch-all' category to cover improper uses of the judicial machinery that did not fit within the earlier established, but narrowly circumscribed, action of malicious prosecution").  The "essence of the tort" is the "misuse of the power of the court; it is an act done in the name of the court and under its authority for the purpose of perpetrating an injustice."  *Rusheen*, 37 Cal. 4th at 1057.  "To state a cause of action for abuse of process, a plaintiff must allege two elements: first, an ulterior purpose" in using the judicial

United States District Court
Northern District of California

process, "and second, a wilful act in the use of the process not proper in the regular conduct of the proceeding." *Coleman v. Gulf Ins. Grp.*, 41 Cal. 3d 782, 791 (1986) (internal quotations omitted). The plaintiff must also allege "some harm . . .caused by the abuse of process." *Yee v. Sup. Ct.*, 31 Cal. App. 5th 26, 37 (2019).

The Complaint does not allege a viable claim for abuse of process. First, Plaintiffs do not identify a particular use "of the judicial machinery" that Defendant allegedly abused. *Barquis*, 7 Cal. 3d at 104 n.4. Second, there are no allegations that Defendant had an ulterior purpose or motive in its actions against Plaintiffs. Lastly, while Plaintiffs allege that they experienced hardships after their experience at SFO (*see* Compl. at 5), there are no allegations linking these hardships to Defendant's purported misuse of judicial process. Plaintiffs' abuse of process claim is accordingly dismissed.

### c.      Conversion of Personal Property

Plaintiffs assert a claim for conversion. *See* Compl. at 7. "Conversion is the wrongful exercise of dominion over the property of another." *Lee v. Hanley*, 61 Cal. 4th 1225, 1240 (2015) (internal quotations omitted). Under California law, the elements of a conversion claim are "(1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." *Id.* The Complaint does not allege what property Defendant wrongfully took from Plaintiffs. *See* Compl. at 3-6. This claim is accordingly dismissed.

### d.      Denial of Right to Legal Counsel

Plaintiffs assert that Defendant denied them their "right to legal counsel." Compl. at 7. Although noncitizens have a right to be represented by counsel during certain immigration proceedings, *see, e.g.*, *Zuniga v. Barr*, 946 F.3d 464, 466 (9th Cir. 2019); *Orantes-Hernandez v. Thornburgh*, 919 F.2d 549, 554 (9th Cir. 1990), and the "government cannot impose restrictions on access to counsel that undermine the immigrant's opportunity to obtain one," Plaintiffs do not identify a right to be appointed counsel during processing at an international border or explain how a failure to be appointed counsel is a tort under California law. *Vasquez Perdomo v. Noem*, 790 F. Supp. 3d 850, 879 (C.D. Cal. 2025), *appeal dismissed sub nom. Perdomo v. Noem*, No. 25-

8

4312, 2025 WL 4053187 (9th Cir. Nov. 21, 2025).  Moreover, as Defendant argues, Plaintiffs allege no facts suggesting that they asked for legal counsel and their request was denied or that they were prevented from contacting counsel.  *See* ECF No. 25 at 17.  This claim is accordingly dismissed.

### e.      Infliction of Emotional Distress

The Complaint asserts a claim for infliction of emotional distress under the FTCA.  Compl. at 7.  In their opposition, Plaintiffs clarify that they were asserting a claim for intentional infliction of emotional distress.  ECF No. 27 at 4.  The elements of intentional infliction of emotional distress under California law are "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct."  *Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1245 (9th Cir. 2013) (internal quotation omitted).  "To be outrageous, conduct must be so extreme as to 'exceed all bounds that are usually tolerated in a civilized society.'"  *Munyua v. United States*, No. C-03-04538, 2005 WL 43960, at *12 (N.D. Cal. Jan. 10, 2005) (quoting *Davidson,* 32 Cal. 3d at 208).  However, this does not require the defendant to have a "malicious or evil purpose," and it may be sufficient for the defendant to "devote[] little or no thought to the probable consequences of his conduct."  *KOVR-TV, Inc. v. Sup. Ct.*, 31 Cal. App. 4th 1023, 1028, 1031-32 (1995).

Plaintiffs allege that, while they were at SFO, the CPB officers "scolded," humiliated, and ridiculed them, and "threatened [K.J.] that she will be taken to jail for 5 years without seeing her children" and told Plaintiffs they had "no rights."  Compl. at 4.  They allege that the officers "defaced" their passports, detained them for several hours, took Plaintiffs' DNA without permission, and "threw" them "out on the streets" with nowhere to go.  *Id.* at 4-5.  Defendant argues that these allegations are insufficient to show extreme and outrageous conduct, and that Plaintiffs have not pled facts "plausibly suggesting severe emotional distress."  ECF No. 25 at 16 (internal quotations omitted).

Contrary to Defendant's argument, courts have found that intimidating and threatening

9

conduct during detention at border crossings may constitute extreme and outrageous conduct, particularly where minors are involved.  *See J.A.M. v. United States*, 738 F. Supp. 3d 1309, 1328 (S.D. Cal. 2024).  Similarly, allegations of threats and insults during investigatory interviews can plausibly support intentional infliction of emotional distress claims.  *See Plascencia v. United States,* No. EDCV 17-02515, 2018 WL 6133713, at *3, *10 (C.D. Cal. May 25, 2018) (plaintiff sufficiently stated a claim for intentional infliction of emotional distress where ICE agents threatened deportation and told plaintiff "you are nobody, you're nothing"); *Mendia v. Garcia*, 165 F. Supp. 3d 861, 879 (N.D. Cal. 2016) (ICE officer's threat to deport plaintiff sufficient to plead extreme and outrageous conduct).  Plaintiffs' allegations that that the officers detained them for approximately eleven hours, belittled and mocked Plaintiffs, and threatened that K.J. would be sent to jail for five years and separated from her children are sufficient to plausibly support a claim that the officers' conduct was extreme and outrageous.  *See* Compl. at 3-4, ECF No. 1-1 at 3-4.

The Court finds Defendant's argument that Plaintiffs did not plead that they suffered "severe emotional distress" more convincing.  ECF No. 25 at 16.  Plaintiff K.J. alleges that since the detention at SFO, she has feared for her and her children's lives "every day."  ECF No. 1-1 at 4.  The Complaint alleges that when Plaintiffs lived in San Francisco after their detention, J.T. "fell sick for weeks and lost her voice, all the plaintiffs started chronic coughing and suffered physical pain" and "lost their health physically and mentally."  Compl. at 5.  The Complaint explains that discrimination and homelessness can "exacerbate mental health conditions" and cause "low self-esteem, anxiety, and depression," but does not allege that Plaintiffs themselves experienced these conditions.  *Id.* at 5-6.  Plaintiffs include no allegations that their physical conditions were symptoms of their emotional distress, and the conclusory statement that they "lost their health . . . mentally" without details regarding how their mental health suffered, how long such suffering lasted, or how it impacted their lives, is insufficient.  *Cf. Plascencia*, 2018 WL 6133713, at *4, *11 (allegations of emotional trauma and corresponding physical symptoms, including "headaches, nausea, loss of sleep, fatigue, and anxiety attacks," for over ten moths sufficient to plausibly plead severe emotional distress).

Plaintiffs' intentional infliction of emotional distress claim is accordingly dismissed,

United States District Court
Northern District of California

United States District Court
Northern District of California

although, as discussed below, dismissal is without prejudice and Plaintiffs may amend this claim to include additional factual allegations regarding emotional distress caused by the alleged conduct.

### f.      Interference with a Prospective Economic Opportunity

To state a claim for interference with a prospective economic opportunity, a plaintiff must allege:

> (1) the existence, between the plaintiff and some third party, of an economic relationship that contains the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentionally wrongful acts designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm proximately caused by the defendant's action.

*Roy Allan Slurry Seal, Inc. v. Am. Asphalt S., Inc.*, 2 Cal. 5th 505, 512 (2017).  That is, the plaintiff must plead that the defendant intentionally disrupted the plaintiff's economic relationship with a third party and that plaintiff was harmed by this conduct.

Although the Complaint claims that Defendant interfered "with a prospective economic opportunity," it includes no factual allegations that could conceivably support this cause of action. Compl. at 7.  The gravamen of Plaintiffs' suit is their alleged mistreatment during and after their detention at SFO, and there are no allegations suggesting that Plaintiffs had an economic relationship with a third party or that Defendant disrupted this relationship.  This claim is accordingly dismissed.

## V.      K.J.'S REPRESENTATION OF HER CHILDREN

Under the "counsel mandate," a "non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child."  *Johns v. County of San Diego*, 114 F.3d 878, 876 (9th Cir. 1997).  K.J., appearing pro se, is proceeding on behalf of herself and her two minor children.  *See* Compl.  This appears to violate the counsel mandate.  K.J. must either obtain legal representation if she wishes to proceed on her children's behalf, or proceed as the sole plaintiff in this action.  *See* 28 U.S.C. § 1654.  If K.J. continues to proceed on her children's behalf without counsel, the Court may issue an Order to Show Cause why M.J. and E.J. should not be dismissed from the action.  *See Mendoza v. Reynolds Sch. Dist.,* No. 25-cv-01432, 2025 WL 2840994, at *3

(D. Or. Oct. 7, 2025).

## VI.   CONCLUSION

Defendant's Motion to Dismiss is accordingly granted.  Plaintiffs' § 1983 claim and claim that Defendant violated 28 U.S.C § 2680(h) are dismissed with prejudice.  Plaintiffs' FTCA claims are dismissed without prejudice.  Should Plaintiffs choose to amend their Complaint, they may only assert claims under the FTCA, and Plaintiffs shall assert a separate cause of action for each tort they claim Defendant committed.  They must include factual allegations describing Defendant's conduct that plausibly show that Defendant committed each alleged tort.  The amended complaint will completely replace the original complaint, so it must include all factual allegations and claims that Plaintiffs wish the Court to consider.  The deadline for filing an amended complaint is May 1, 2026.

The Court strongly encourages Plaintiffs to use the Northern District's resources for pro se litigants, available online at: https://cand.uscourts.gov/representing-yourself.  Plaintiffs may schedule an appointment for free, limited-scope legal assistance with the Justice and Diversity Center's Legal Help Center by calling 415-782-8982.

**IT IS SO ORDERED.**

Dated: April 7, 2026

_____

LISA J. CISNEROS
United States Magistrate Judge

United States District Court
Northern District of California

12