UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

K. J., et al.,

          Plaintiffs,

     v.

UNITED STATES OF AMERICA,

          Defendant.

Case No. 25-cv-07161-LJC

**ORDER DISMISSING CASE**

Re: Dkt. Nos. 34, 37

On April 7, 2026, the Court granted Defendant's motion to dismiss Plaintiffs' complaint but provided Plaintiffs leave to file an amended complaint asserting claims under the Federal Tort Claims Act only. *See* ECF No. 34. Plaintiffs' deadline for filing their amended complaint was on May 1, 2026. *Id.* at 12. Plaintiffs did not file an amended complaint by May 1, 2026, and the Court subsequently issued an Order to Show Cause directing Plaintiffs to file a response explaining why they had not met the May 1 deadline. *See* ECF No. 37. The Court also extended their deadline for filing an amended complaint to May 22, 2026. The Court cautioned Plaintiffs that if they failed to respond to the Order to Show Cause or file an amended complaint by May 22, their case could be dismissed for failure to prosecute.[1] The May 22, 2026 deadline has now passed. Plaintiffs have not filed an amended complaint or a response to the Order to Show Cause, or in any way communicated to the Court that they intend to keep prosecuting this case.

Rule 41(b) of the Federal Rules of Civil Procedure permits the involuntary dismissal of an action due to a plaintiff's failure to prosecute. *See Link v. Wabash R. Co.*, 370 U.S. 626, 630-31

---

[1] The Order to Show Cause erroneously stated that the Court might "refer this case to a district judge with the recommendation that the matter be dismissed for failure to prosecute." *Id.* As all parties have consented to magistrate judge jurisdiction, *see* ECF Nos. 11, 24, the Court may dismiss this matter rather than referring it to a district court judge with the recommendation that the matter be dismissed.

United States District Court
Northern District of California

(1962) ("[A]uthority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power.'").  Additionally, courts "may dismiss an action for failure to comply with any order of the court."  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), *as amended* (May 22, 1992).  When determining whether to dismiss a case for failure to prosecute or failure to comply with a court order, courts consider the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Here, the public's interest in expeditious resolution of litigation, the Court's need to manage its docket, and the prejudice to Defendants caused by "[u]nnecessary delay" weigh in favor of dismissal.  *Id.* at 642-43.  By providing Plaintiffs an additional extension of time for filing their amended complaint after they missed the May 1, 2026 deadline, the Court first employed less drastic measures and is only resorting to the "harsh penalty" of dismissal after less drastic measures failed.  *Ferdik*, 963 F.2d at 1260.  Moreover, the Court is dismissing this matter without prejudice.  This factor thus weighs in favor of dismissal.  Although "[p]ublic policy favors disposition of cases on the merits" and thus weighs against dismissal, this is not sufficient to outweigh the first four factors.  *Pagtalunan*, 291 F.3d at 643.

This matter is accordingly DISMISSED without prejudice.  The Clerk is directed to close the file.

**IT IS SO ORDERED.**

Dated: June 22, 2026

_____
LISA J. CISNEROS
United States Magistrate Judge

2